UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-00126 FMO (AGRx) | Date | August 22, 2024 |
|---|---|---|---|
| Title | **Nautilus Insurance Company v. Nulife Mulholland, LLC, et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|

| Vanessa Figueroa | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**        **(In Chambers) Order Re: Pending Motion**

Having reviewed and considered all the briefing filed with respect to plaintiff Nautilus Insurance Company's Motion for Summary Judgment (Dkt. 83, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.[1]

Nautilus Insurance Company ("Nautilus") filed this declaratory relief action against:  (1) Nulife Mulholland, LLC ("Nulife Mulholland"); (2)  John David Meints, Jr. ("Meints"); (3) Nulife Wellness Group, LLC ("Nulife Wellness"); (4) Nulife Recovery LLC ("Nulife Recovery"); and (5) Dakota J. Pike ("Pike") (collectively, "defendants").[2]  (See Dkt. 62, First Amended Complaint ("FAC") at p. 1).  All five defendants are parties in an underlying state court action captioned, Dakota J. Pike v. Nulife Wellness Group LLC, et al., Case No. 19STCV00665 ("Underlying Action").  (See Dkt. 83-3, Joint Appendix of Undisputed and Disputed Facts Re: Motion for Summary Judgment ("SUF") at P1).  In the first and second causes of action, Nautilus seeks a declaration that it had no duty to defend or indemnify with respect to the Underlying Action.  (See Dkt. 62, FAC at ¶¶ 67-85).  The third cause of action, which  is asserted against Meints and Nulife Mulholland, seeks reimbursement of defense expenses.  (See id. at ¶¶ 86-90).  The fourth and final cause of action is for rescission of the insurance policy plaintiff issued to Nulife Mulholland, and is asserted against all defendants.  (See id. at ¶¶ 91-115).

Plaintiff seeks summary judgment against Pike, the only non-defaulting defendant in this case.  (See Dkt. 83-1, Joint Brief Re: Nautilus Insurance Company's Motion for Summary Judgment ("Joint Br.") at 1).  In determining whether a triable issue of material fact exists, the

---

[1]  Because the parties are familiar with the facts, the court will repeat them below only as necessary.  Capitalization, quotation and alteration marks, and emphasis in record citations may be altered without notation.  Citations to "ECF" refer to the page number located at the upper right and assigned by ECF to the subject document.

[2]    The court entered default judgment as to Nulife Wellness and Nulife Recovery.  (See Dkt. 51, Court's Order of May 2, 2023, at 5).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-00126 FMO (AGRx) | Date | August 22, 2024 |
|---|---|---|---|
| Title | **Nautilus Insurance Company v. Nulife Mulholland, LLC, <u>et al.</u>** | | |

evidence must be considered in the light most favorable to the nonmoving party.[3]  <u>See</u> <u>Barlow</u> v. <u>Ground</u>, 943 F.2d 1132, 1134 (9th Cir. 1991).  Taking the evidence in the light most favorable to Pike, the court is persuaded that genuine issues of material fact preclude summary judgment.

Under California law, "a material misrepresentation or concealment in an insurance application, whether intentional or unintentional, entitles the insurer to rescind the insurance policy *ab initio*."  <u>W. Coast Life Ins. Co. v. Ward</u>, 132 Cal.App.4th 181, 186-87 (2005).  As to its fourth cause of action for rescission, plaintiff argues that the insurance policy it issued to Nulife Mulholland must be rescinded because Nulife Mulholland concealed "that it would be providing professional services, including operating a sober living facility that employed/contracted medical professional services."  (Dkt. 83-1, Joint Br. at 15); (<u>see</u> <u>id.</u> at 15-21).  However, Pike points to evidence that when Nulife Mulholland applied for the policy in 2016 or 2017,[4] it was simply a real-estate holding company, and that other defendants were the ones operating a sober living facility and providing medical services.[5]  (<u>See</u> <u>id.</u> at 28-31); (Dkt. 83-3, SUF at D132-42); (Dkt. 83-2, Joint Appendix of Evidence ("App'x"), Exh. 30, Deposition of John David Meints ("Meints Depo.") at

---

[3]  To the extent the court relies on evidence to which the parties have raised an objection, the parties' objections are overruled.  <u>See</u> <u>Fraser v. Goodale</u>, 342 F.3d 1032, 1036 (9th Cir. 2003) (holding that, on summary judgment, the court "do[es] not focus on the admissibility of the evidence's form" but rather "focus[es] on the admissibility of its contents"); <u>Block v. City of Los Angeles</u>, 253 F.3d 410, 418-19 (9th Cir. 2001) (holding that a party "does not necessarily have to produce evidence in a form that would be admissible at trial" for that evidence to be considered at the summary judgment stage).

[4]  As Pike points out, (<u>see</u> Dkt. 83-1, Joint Br. at 24-25), the date of Nulife Mulholland's insurance application appears to be in question, as the application contains at least three different dates, separated from each other by almost a year.  (<u>See</u> Dkt. 83-2, App'x, Exh. 1 at ECF 7, 11, 15) (pages dated August 31, 2016, June 7, 2017, and June 20, 2017).

[5]  Plaintiff argues, (<u>see</u> Dkt. 83-1, Joint Br. at 16-17),  that Pike is precluded from contesting whether Nulife Mulholland itself provided professional services, because that fact was deemed admitted by Meints when he failed to respond to one of plaintiff's Requests for Admissions ("RFAs") that asked Meints to "Admit that Nulife Mulholland, as part of its operations from June 20, 2017 to June 20, 2018 for a live-in rehabilitation and treatment facility . . . retained 'medical professionals' to treat those persons who resided at the facility."  (Dkt. 83-2, App'x, Exh. 7, Request for Admission No. 7); (<u>see</u> Dkt. 83-2, Exh. 15, Declaration of Laura R. Ramos ("Ramos Decl.") at ¶ 6). "[A]lthough admissions pursuant to Federal Rule of Civil Procedure 36 bind the party who makes the admission, . . . admissions by one party are not binding on other parties." <u>Higgins v. Farr Fin. Inc.</u>, 2011 WL 13257721, *2 (N.D. Cal. 2011) (internal citations omitted). Thus, Pike is not bound by Meints' failure to respond to plaintiff's RFAs.  <u>See</u> <u>Castiglione v. U.S. Life Ins. Co. In City of New York</u>, 262 F.Supp.2d 1025, 1030 (D. Az. 2003) ("[C]odefendants are not bound by another defendant's admission.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-00126 FMO (AGRx) | Date | August 22, 2024 |
|---|---|---|---|
| Title | **Nautilus Insurance Company v. Nulife Mulholland, LLC, <u>et al.</u>** | | |

38:2-16).   For example, Meints, Nulife Mulholland's sole member, (Dkt. 83-3, SUF at P45), attested that Nulife Mulholland was initially created "solely for the purpose of being the property owner," and that it did not operate as a treatment provider until it filed for Chapter 11 bankruptcy in September 2019.  (<u>See</u> Dkt. 83-2, App'x, Exh. 30, Meints Depo. at 38:2-16); (Dkt. 83-3, SUF at D132-33).   In addition, the insurance policy in question was in effect between June 20, 2017, and June 20, 2018 – well before Nulife Mulholland became a treatment provider.  (<u>See</u> Dkt. 83-2, App'x, Exh. 2, Insurance Policy at ECF 18); (Dkt. 83-3, SUF at D132-33).   Thus, according to Pike's evidence, Nulife Mulholland did not conceal or misrepresent material information when it insurance from plaintiff, because at the time it was not providing medical services.  (<u>See</u> Dkt. 83-1, Joint Br. at 28-31); (Dkt. 83-3, SUF at D132-42).   In short, construing the facts in the light most favorable to Pike, there is a genuine issue of material fact as to whether Nulife Mulholland made any misrepresentations in its insurance application.[6]  <u>See</u>, <u>e.g.</u>, <u>Philadelphia</u> <u>Indem.</u> <u>Ins.</u> <u>Co.</u> <u>v.</u> <u>Stephouse</u> <u>Recovery,</u> <u>Inc.</u>, 2019 WL 4390574, *5 (C.D. Cal. 2019) (denying summary judgment as to insurer's rescission claim where "a genuine dispute of material fact remain[ed] as to whether [defendant] concealed or misrepresented a material fact when applying for [its insurance] Policy").

Plaintiff is also not entitled to summary judgment on its claim that the Policy does not cover the intentional conduct at issue in the Underlying Action.  (<u>See</u> Dkt. 83-1, Joint Br. at 46-50).   Pike points out that intentional conduct is not an element of all of her claims in the Underlying Action. (<u>See</u> Dkt. 83-1, Joint Br. at 50-51); (Dkt. 1-2, Complaint in Underlying Action) (alleging claims for negligence and negligence per se); <u>see</u>, <u>e.g.</u>, <u>Donnelly</u> <u>v.</u> <u>S.</u> <u>Pac.</u> <u>Co.</u>, 18 Cal.2d 863, 869 (1941) (explaining that "[n]egligence is an unintentional tort, a failure to exercise the degree of care in a given situation that a reasonable man under similar circumstances would exercise to protect others from harm").

Finally, plaintiff moved for default judgment against Meints and Nulife Mulholland.  (<u>See</u> Dkt. 77, Motion for Default Judgment as to John David Meints); (Dkt. 91, Motion for Default Judgment as to Nulife Mulholland).   In light of the genuine disputes of material fact discussed above, the court will deny plaintiff's requests for default judgment as premature.  <u>See</u>, <u>e.g.</u>, <u>Henderson</u> <u>v.</u> <u>Hughes</u>, 2019 WL 1064108, *2, *4 (D. Nev. 2019) (denying default judgment as to less than all defendants in a multi-defendant case where moving defendant had also fallen short of showing the absence of a genuine issue of material fact on summary judgment); <u>see</u> <u>also</u> <u>Garamendi</u> <u>v.</u> <u>Henin</u>, 683 F.3d 1069, 1082-83 (9th Cir. 2012) ("[I]t would be incongruous and unfair to allow a plaintiff to prevail against defaulting defendants on a legal theory rejected by a court with regard to an answering defendant in the same action.") (internal quotation marks omitted).

---

   [6]  For the same reason, there is a factual dispute as to plaintiff's claim for declaratory relief that it has no duty to defend or indemnify the Underlying Action under the Professional Services Exclusion clause of the Policy, <u>i.e.</u>, there is a dispute of material fact as to whether Nulife Mulholland provided professional services when the Policy was in effect.  (<u>See</u> Dkt. 83-1, Joint Br. at 31-37, 40-43, 45-46); (Dkt. 83-2, App'x, Exh. 2, Insurance Policy at ECF 18); (Dkt. 83-3, SUF at D132-33).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-00126 FMO (AGRx) | Date | August 22, 2024 |
|---|---|---|---|
| Title | **Nautilus Insurance Company v. Nulife Mulholland, LLC, <u>et al.</u>** | | |

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Motion for Summary Judgment **(Document No. 83)** is **denied**.

2. Plaintiff's Motion for Default Judgment as to Meints **(Document No. 77)** and Motion for Default Judgment as to Nulife Mulholland **(Document No. 91)** are **denied without prejudice.** Once proceedings against Pike have concluded, plaintiff may file renewed motions for default judgment against Meints and Nulife Mulholland.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |